**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

E.S., by and through her parents KEVIN AND PAMELA STEINMETZ,

And

R.G., by and through her parents AMANDA AND BLAKE GRAY,

Plaintiffs,

v.

MANHATTAN-ODGEN UNIFIED SCHOOL DISTRICT 383,

Defendant.

Case No. 26-4032-AJP-ADM

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Plaintiffs E.S., by and through her parents, guardians, and next friends, Kevin and Pamela Steinmetz, and R.G., by and through her parents, guardians, and next friends, Amanda and Blake Gray (collectively, "Plaintiffs"), pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2) and District of Kansas Local Rule 15.1, respectfully move the Court for leave to file a First Amended Complaint adding a new plaintiff: V.D., by and through his parents, guardians, and next friends, Katelin Christianer-Donkers and Clinton Donkers.[1] Pursuant to Local Rule 15.1, Plaintiffs have attached a copy of the proposed First Amended Complaint as Exhibit A and a redlined version as Exhibit B. In support of this Motion, Plaintiffs state as follows:

[1] V.D. is a minor and will appear through his parents as his general guardians and next friends, consistent with Federal Rule of Civil Procedure 17(c)(1), and the proposed First Amended Complaint refers to him by his initials in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and this District's Administrative Procedures.

# NATURE OF THE MATTER AND BACKGROUND

On April 2, 2026, Plaintiffs filed their Complaint against Defendant Manhattan-Odgen Unified School District 383 ("the District"), alleging that the District's refusal to permit E.S.'s and R.G.'s private therapists to provide medically necessary Applied Behavior Analysis ("ABA") therapy at school violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq. See* Complaint (Doc. #1). The Complaint alleges that (1) during the summer of 2025, the District enacted Policy KM which prohibited ABA therapy in its schools, (2) the District refused Plaintiffs' requests to permit ABA therapy at school as a reasonable accommodation, and (3) the therapy would be provided at no cost to the District and without disruption to the school setting.

On August 4, 2026, the Court granted Plaintiffs' motion for preliminary injunction, enjoining the District from enforcing Policy KM. *See* Memorandum and Order (Doc. #43).

V.D. is a minor child domiciled in Kansas. He has been diagnosed with autism spectrum disorder and has been prescribed ABA therapy as a medically necessary treatment. V.D. is currently enrolled in Kindergarten in the District, where he attends only half days. V.D.'s parents requested that the District permit V.D. to attend full school days accompanied by his ABA therapist as a reasonable accommodation for his disability. The District denied that request. As a result, V.D. is excluded from the full school day that the District affords his non-disabled peers.

V.D. is similarly situated to E.S. and R.G. Like them, he has autism, has been prescribed ABA therapy as medically necessary, and has been denied the reasonable accommodation of receiving that therapy from his private therapist at school, at no cost to the District. His claims arise from the same District policy and present the same questions of law and fact already before the Court. He is similarly situated and should come under the Court's order for preliminary injunction, barring the District from enforcing its discriminatory policy.

Plaintiffs' counsel has conferred with counsel for the District regarding this Motion. The District opposes the requested amendment.

## AMENDMENT SOUGHT

As required by Local Rule 15.1(a), Plaintiffs provide the following concise statement of the proposed amendment. The proposed First Amended Complaint:

A. Adds V.D., by and through his parents, as a plaintiff and amends the caption accordingly;

B. Adds allegations identifying V.D.'s parents and describing V.D.'s diagnosis, his prescribed ABA therapy, his half-day Kindergarten enrollment, his request to attend full school days with his ABA therapist, and the District's denial of that request as shown in the attached red-line of the Amended Complaint;

C. Extends the existing ADA, Rehabilitation Act, and injunctive-relief counts to V.D.; and

D. Amends the prayer for relief to request an injunction requiring the District to permit V.D. to attend full school days accompanied by his ABA therapist.

The proposed amendment does not add any new defendant or new cause of action, and it does not alter the substance of E.S.'s and R.G.'s existing claims.

## ARGUMENT AND AUTHORITIES

### A. Good Cause Exists Under Rule 16(b)(4).

The Scheduling Order in this case set a deadline of July 17, 2026, to file any motions to amend. Scheduling Order (Doc. #20) filed June 11, 2026 at 2. Because this deadline has passed, Plaintiffs must demonstrate good cause under Rule 16(b)(4) to modify the Scheduling Order in addition to the requirements of Rule 15. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Keller v. Diversicare of Council Grove, LLC*, No. 23-

2556-JWB-ADM, 2024 WL 4164696, at *2 (D. Kan. Sept. 12, 2024) (finding good cause existed to amend Scheduling Order deadline).

Under Rule 16(b)(4), a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch*, 771 F.3d at 1241). "'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)) (brackets omitted).

Here, the District denied V.D's request for accommodation on June 30, 2026. V.D. thereafter attempted to convince the District to change course in light of the Court's preliminary injunction decision on August 4, 2026, but to no avail. By that time, the deadline under the Scheduling Order had passed. Accordingly, Plaintiffs could not have requested an amendment by the Scheduling Order's deadline and have since acted diligently regarding V.D.'s claims. Plaintiffs have therefore demonstrated that good cause exists under Rule 16(b)(4).

**B. Leave to Amend Should Be Freely Given Under Rule 15(a)(2).**

Because Plaintiffs have shown good cause, the Court next considers whether leave to amend is proper under Rule 15(a)(2). It is.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The District bears the burden of showing that the amendment is improper—*i.e.*, one of the enumerated grounds for denial applies. *See Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1165, 1168 (D. Kan. 2018) (recognizing that non-movant bears burden of showing futility of amendment and undue prejudice); *Newton v. City of Atchison*, No. 23-2153-JWB-ADM, 2024 WL 1344427, at *4 (D. Kan. Mar. 29, 2024) ("the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted"). Nevertheless, Plaintiffs briefly address each ground.

No Undue Delay. The Court may deny leave for undue delay. The emphasis, however, is on the adjective: delay alone is insufficient. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). This case remains at an early stage. Plaintiffs filed suit on April 2, 2026, and trial is not scheduled until October 5, 2027. *See* Scheduling Order (Doc. #20). The District has not conducted any discovery. As noted, Plaintiffs have brought this Motion promptly after learning of the District's denial of V.D.'s accommodation request and after attempting to convince the District to change its mind short of litigation. If desired, a window for fact discovery on V.D.'s claims can extend beyond the current discovery cutoff of November 13, 2026, without altering other deadlines. *See Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003) (permitting amendment two years after filing of original complaint where schedule would provide defendant ample time to conduct discovery on plaintiff's new claim).

No Bad Faith or Dilatory Motive. Courts in this District define "bad faith" as "dishonesty of belief, purpose or motive." *Grant Twp. v. Bd. of Cnty. Commissioners of Cnty. of Douglas Cnty.*, Kan., No. 24-2306-JAR-RES, 2024 WL 3898574, *2 (D. Kan. Aug. 22, 2024) (quoting *Kramer v.*

*Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *5 (D. Kan. Jan. 25, 2022)). Plaintiffs' bad faith in seeking leave to amend must be apparent from the record. *Id.* The record here reflects no such thing. Rather, Plaintiffs seek to add V.D. so that all similarly situated students challenging the same District policy can be heard in a single proceeding. The amendment is not sought for any improper purpose.

No Prior Failures to Cure. This is Plaintiffs' first request to amend.

No Undue Prejudice. Undue prejudice" requires "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Hirt*, 308 F. Supp. 3d at 1168 (quoting *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)). Here, the District will not be unfairly prejudiced. V.D.'s claims arise from the same District policy, rest on the same legal theories, and will involve substantially the same witnesses, documents, and District decision-makers as E.S.'s and R.G.'s claims. The facts are largely undisputed and set forth in the Court's order granting a preliminary injunction *See* Memorandum and Order (Doc. #43). As mentioned, the District has not conducted any discovery.

No Futility. The "court may deny leave to amend based on futility when the complaint, as amended, would be subject to dismissal. Thus, to determine whether a proposed amendment would be futile, courts analyze the proposed amendment under the standard for a motion to dismiss." *Shahmaleki v. Kansas State Univ.*, 147 F. Supp. 3d 1239, 1243 (D. Kan. 2015) (citation omitted). Here, the proposed First Amended Complaint states plausible claims for V.D. under Title II of the ADA and Section 504 of the Rehabilitation Act. As Plaintiffs have already pled for E.S. and R.G., V.D. is a qualified individual with a disability, the District receives federal funding, and the District has refused a reasonable accommodation necessary for V.D. to access the full school day.

Moreover, on their Motion for Preliminary Injunction, the Court has already stated that Plaintiffs have demonstrated a "a high likelihood of success on the merits[.]" *See* Memorandum and Order (Doc. #43) at 13. The same allegations apply to V.D.

**B. Joinder of V.D. Is Proper Under Rule 20.**

Rule 20(a)(1) permits the joinder of a plaintiff if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting 7 Charles Alan Wright et al., Federal Practice and Procedure § 1652, at 395 (3d ed. 2001)). Because "joinder of claims, parties and remedies is strongly encouraged[,]" courts are to liberally construe Rule 20's joinder provisions. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

Both requirements of Rule 20(a)(1) are satisfied. First, V.D.'s claims arise out of the same series of transactions or occurrences as E.S.'s and R.G.'s: the District's adoption and application of a policy prohibiting ABA therapy in its schools and its denial of requests to permit private ABA therapists to provide medically necessary therapy at school. Second, common questions of law and fact will arise, including (1) whether the District's policy and its refusal to permit ABA therapy at school violate Title II of the ADA and Section 504 of the Rehabilitation Act, (2) whether permitting ABA therapy at school is a reasonable accommodation that would not fundamentally alter the District's programs, and (3) whether the District acted with deliberate indifference. Accordingly, joinder of V.D. as a plaintiff under Rule 20(a)(1) is proper and doing so will promote

trial convenience and expedite the final determination of the parties' disputes, thereby preventing multiple lawsuits on these issues.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court grant this Motion and allow Plaintiffs leave to file the First Amended Complaint attached as Exhibit A.

Dated: October 26, 2026

Respectfully submitted,

**STINSON LLP**

By: /*s/ Thomas H. Davis*
Thomas H. Davis, KS #23635
Sarah C. Schmitz, KS #30127
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
(816) 842-8600
(816) 691-3495 (fax)
thomas.davis@stinson.com
sarah.schmitz@stinson.com

and

Dylan J. Lee
140 Broadway, Suite 2330
New York, NY 10005
(646) 883-7480
(646) 833-7682 (fax)
dylan.lee@stinson.com
*Pro Hac Vice* Forthcoming

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/*s/ Thomas H. Davis*
Attorney for Plaintiffs